UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTEMIS PREESHL** | **CIVIL ACTION NO: 2:16-CV-03040** |
| **VERSUS** | **JUDGE CARL BARBIER** |
| **LOYOLA UNIVERSITY NEW ORLEANS AND GEORGIA GRESHAM** | **MAG JUDGE KAREN WELLS ROBY** |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come defendants, Loyola University New Orleans ("Loyola") and Georgia Gresham ("Gresham"), who submit the following Answer and Affirmative Defenses in response to the Complaint filed by plaintiff, Artemis Preeshl ("Plaintiff").

## FIRST DEFENSE

Answering the numbered allegations of the Complaint, Defendants aver:

I.

The allegations of Paragraph 1 are denied as stated except to admit this court has subject matter jurisdiction over this case.

II.

The allegations of Paragraph 2 are denied as stated except to admit this court has subject matter jurisdiction over this case.

III.

The allegations of Paragraph 3 are admitted.

IV.

The allegations of Paragraph 4 are admitted.

V.

The allegations of Paragraph 5 are admitted.

VI.

The allegations of Paragraph 6 require no answer of defendants, however, if any answer is required these allegations are denied as stated and for lack of sufficient information upon which to justify a belief therein.

VII.

The allegations of Paragraph 7 are denied as stated and denied for lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations of Paragraph 8 are denied as stated and denied for lack of sufficient information upon which to justify a belief therein.

IX.

The allegations of Paragraph 9 are denied as stated.

X.

The allegations of Paragraph 10 are denied for lack of sufficient information upon which to justify a belief therein.

XI.

The allegations of Paragraph 11 are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations of Paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations of Paragraph 13 are denied as stated.

XIV.

The allegations of Paragraph 14 are denied as stated.

XV.

The allegations of Paragraph 15 are denied as stated.

XVI.

The allegations of Paragraph 16 are denied as stated.

XVII.

The allegations of Paragraph 17 are denied as stated.

XVIII.

The allegations of Paragraph 18 are denied as stated except to admit Plaintiff was considered for and did not receive tenure in 2012. In all other respects, these allegations are denied.

XIX.

The allegations of Paragraph 19 are denied as stated. To the extent the allegations of Paragraph 19 refer to a written instrument, the written instrument speaks for itself and is the best

evidence of its contents.

XX.

The allegations of Paragraph 20 are denied as stated except to admit that plaintiff was ultimately granted tenure by the University.

XXI.

The allegations of Paragraph 21 are denied as stated.

XXII.

The allegations of Paragraph 22 are denied as stated.

XXIII.

The allegations of Paragraph 23 are denied.

XXIV.

The allegations of Paragraph 24, all and singularly, are denied.

XXV.

The allegations of Paragraph 25 are denied.

XXVI.

The allegations of Paragraph 26 are denied as stated. To the extent the allegations of Paragraph 26 refer to written instruments, the written instruments speak for themselves and are the best evidence of their contents.

XXVII.

The allegations of Paragraph 27 are denied.

XXVIII.

The allegations of Paragraph 28 all and singularly, are denied.

XXIX.

The allegations of Paragraph 29 are denied as stated. To the extent the allegations of Paragraph 29 refer to a written instrument, the written instrument speaks for itself and is the best evidence of its contents.

XXX.

The allegations of Paragraph 30 are denied.

XXXI.

The allegations of Paragraph 31 are denied.

XXXII.

The allegations of Paragraph 32 are denied.

XXXIII.

The allegations of Paragraph 33 are denied.

XXXIV.

The allegations of Paragraph 34 are denied.

XXXV.

The allegation of Paragraph 35 requires no answer of defendants, however, if any answer is required, these allegation is denied.

XXXVI.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 36.

XXXVII.

The allegations of Paragraph 37 are denied.

XXXVIII.

The allegations of Paragraph 38 are denied.

XXXIX.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 39.

XL.

The allegations of Paragraph 40 are denied.

XLI.

The allegations of Paragraph 41 are denied.

XLII.

The allegations of Paragraph 42 are denied.

XLIII.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 43.

XLIV.

The allegations of Paragraph 44 are denied.

XLV.

The allegations of Paragraph 45 are denied.

XLVI.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 46.

XLVII.

The allegations of Paragraph 47 are denied.

XLVIII.

The allegations of Paragraph 48 are denied.

XLIX.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 49.

L.

The allegations of Paragraph 50 are denied.

LI.

The allegations of Paragraph 51 are denied.

LII.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 52.

LIII.

The allegations of Paragraph 53 are denied.

LIV.

Defendants allege and assert all prior allegations of fact, denials and affirmative defenses set forth herein in response to the allegations of Paragraph 54.

LV.

The allegations of Paragraph 55 are denied.

LVI.

The allegations of Paragraph 56 are denied.

LVII.

The allegations of Paragraph 57 are denied.

**SECOND DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

All or some of the plaintiff's claims are prescribed or preempted by the applicable prescriptive period or otherwise equitably barred.

**FOURTH DEFENSE**

Defendant, Loyola University New Orleans, is not liable for any acts or omissions of its employees outside the course and scope of its employees' employment.

**FIFTH DEFENSE**

Defendant, Georgia Gresham, is not liable for any acts or omissions of other Loyola employees for whom she is neither responsible nor liable.

**SIXTH DEFENSE**

Defendant, Loyola University New Orleans, has promulgated and implemented effective policies and procedures prohibiting discrimination, harassment, and retaliation in the workplace. Loyola promptly and effectively investigated Plaintiff's complaint, which complaint was found by Loyola to be without merit.

**SEVENTH DEFENSE**

Defendants treated Plaintiff like any other similarly situated employee, in accordance with Loyola's lawful and uniform policies, procedures, rules and actions.

**EIGHTH DEFENSE**

Upon Plaintiff's presentation of her unfounded complaints to Loyola, a prompt, effective and remedial investigation was conducted, which bars the Plaintiff's claims herein.

**NINTH DEFENSE**

All actions taken by Defendants with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory business reasons. All such actions were taken without malice, ill-will, or intent to harm, degrade, embarrass, humiliate, harass, retaliate, or discriminate against Plaintiff. Rather, all such actions were taken in the best interests of Loyola's students, faculty, and staff and to ensure the continued education, safety, health, and welfare of Loyola's students, employees, and the Plaintiff herself.

**TENTH DEFENSE**

Defendants have not discriminated against Plaintiff or treated her differently because of and alleged disability or in retaliation for her actions, or due to any other status protected by state or federal law.

**ELEVENTH DEFENSE**

Defendants have not engaged in any acts, practices, policies, customs, or usages that have denied, abridged, withheld, conditioned, limited, segregated, classified, or otherwise interfered with the rights of the Plaintiff or which have deprived or tended to deprive her of equal employment opportunity or adversely affected her status as an employee because of any alleged disability or any other protected status.

**TWELTH DEFENSE**

The exclusive remedy for the Plaintiff's alleged emotional maladies is the Louisiana Worker's Compensation Act, La. R.S. 23:1021, *et seq.*

## THIRTEENTH DEFENSE

Any injuries or damages alleged in the Complaint, if they occurred at all, were caused solely by other parties for whom Defendants are neither responsible nor liable.

## FOURTEENTH DEFENSE

As a complete and separate defense, Plaintiff failed to mitigate her damages, if she is able to show any damages.

## FIFTEENTH DEFENSE

As a complete and separate defense, Plaintiff's damages, if any, shall be offset or reduced by her own fault and/or the fault of third parties for whom Defendants have no responsibility or liability.

## SIXTEENTH DEFENSE

Defendants are entitled to reasonable attorney's fees and costs because of the frivolous nature of Plaintiff's claims.

**WHEREFORE**, defendants pray that their Answer and Affirmative Defenses be deemed good and sufficient, and, after due proceedings are had, that there be judgment in their favor and against Plaintiff, dismissing the Plaintiff's Complaint, with prejudice, with attorney's fees and court costs awarded to Defendants, together with such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

IRWIN FRITHCHIE URQUHART & MOORE LLC

*/s/ Richard E. McCormack*
RICHARD E. McCORMACK, T.A. (#14194)
DOUGLAS J. MOORE (#27706)
STEPHEN G.A. MYERS (#29999)
KELLY G. JUNEAU (#30573)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

*Attorneys for Loyola University New Orleans and Georgia Gresham*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 6th day of June, 2016 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Richard E. McCormack*
Richard E. McCormack